# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNIVERSITY OF PITTSBURGH – OF THE COMMONWEALTH SYSTEM OF HIGHER EDUCATION, ) ) ) ) Plaintiff, ) ) vs. ) ) ONCONOME, INC. ) f/d/b/a TESSERA DIAGNOSTICS, ) INC. ) ) Defendant. | Civil Action No. Electronically filed |

## COMPLAINT

Plaintiff, University of Pittsburgh-Of the Commonwealth System of Higher Education ("Plaintiff" or "University"), by and through its undersigned counsel, files this Complaint against Defendant Onconome, Inc., formerly doing business as Tessera Inc., ("Defendant" or "Onconome") and in support thereof alleges the following:

## PARTIES

1. The University is a Pennsylvania non-profit corporation, designated under Pennsylvania law as "an instrumentality of the Commonwealth to serve as a State-related institution in the Commonwealth system of higher education," with its principal place of business at 4200 Fifth Avenue, Pittsburgh, Pennsylvania 15260. 24 P.S. § 2510-202.

2. Onconome, Inc. is a corporation organized and existing under the laws of the State of Washington with a principal place of business at Onconome, Inc., 15385 NE 90th Street, Redmond, Washington 98052.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1332(a). Diversity exists between the parties, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the University's claim occurred within this District.

5. This Court has personal jurisdiction over Defendant as it entered into the contract upon which this case is based in Pennsylvania, agreed to litigate any disputes related to that contract in Pittsburgh, Pennsylvania, and caused injury in Pittsburgh, Pennsylvania through a breach of the contract.

## FACTS

6. On October 31, 2003, Defendant entered a License Agreement with the University. As described in the License Agreement, the University is the holder of certain patent rights referenced as "Nuclear Matrix Proteins Alterations Associated with Colon Cancer and Colon Metastasis." Under the License Agreement, the University agreed to grant Defendant a worldwide exclusive license to use, make, or offer for sale certain identified licensed technology and to practice the identified patent rights in the relevant field. A true and correct copy of the License Agreement is attached hereto as Exhibit A.

7. Under the License Agreement, Defendant was obligated to pay the University royalties, license fees, maintenance fees, milestone payments, and all fees and costs associated with patent prosecution. Ex. A, § 4.1 and § 6.2.

8. Specifically, Section 4.1(d) of the License Agreement required Defendant to pay an annual maintenance fee to the University of $125,000 beginning on the third anniversary of the License Agreement and on every subsequent anniversary for ten years during the term of the Agreement. Ex. A, ¶4.1 (d) (iii).

9. In addition, Defendant agreed under the License Agreement to pay all fees and costs, including all attorneys' fees, relating to the filing, prosecution, and maintenance of the licensed patent applications and patents. Ex. A, § 6.2.

10. The License Agreement also contained a forum selection clause which stated that "the forum for any action relating to this agreement shall be the Courts of Allegheny County, Pennsylvania, or, if in a Federal proceeding, the United States District Court for the Western District of Pennsylvania." Ex. A, § 13.1.4.

11. The University performed all conditions precedent or obligations under the License Agreement.

12. Defendant failed and refused to pay the required annual maintenance fee in 2007.

13. In addition, the University has incurred costs relating to the filing, prosecution, and maintenance of the patent rights at issue in the License Agreement in the amount of $11,256.06.

14. The University repeatedly informed Defendant of its default and demanded payment.

15. In March 2008, Defendant gave notice that it intended to terminate the License Agreement, and continued to fail and refuse to pay the amounts past due.

16. Under the License Agreement, any contract termination by Defendant did not release it from its obligations which matured prior to the effective date of the termination. Ex. A, §10.3.

17. Despite Defendant's ongoing obligation to pay the University, and the University's demands, it has failed and refused to make the required payments.

18. As a result of these actions, Defendant currently owes the University an outstanding balance of at least $136,256.06.

## COUNT I

### Breach of Contract

19. The allegations set forth in Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. The parties entered the License Agreement which required certain payments by Defendant.

21. Defendant breached the License Agreement by failing to make the payments required by the License Agreement despite full performance and timely invoicing by the University.

22. As a direct result of Defendant's breach, the University has sustained damages, including but not limited to: lost revenue, losses arising out of costs and expenditures associated with the performance of its obligations under the License Agreement, and expenses associated with its protracted attempts at collection from Defendant.

WHEREFORE, the University prays for judgment in its favor and against Defendant in a sum in excess of $75,000 plus interest, costs, attorneys' fees and such other and further relief as the Court deems just and proper.

Respectfully submitted,

UNIVERSITY OF PITTSBURGH OF
THE COMMONWEALTH SYSTEM OF
HIGHER EDUCATION


/s/ Pamela .Connelly
Pamela W. Connelly
Pa. I.D. #76395
1710 Cathedral of Learning
Pittsburgh, Pennsylvania 15260
(412) 624-5674

Case 2:09-cv-00534-ADS Document 1 Filed 06/25/2009 Page 5 of 5